IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01589-CMA

PETER GEORGE NOE,

    Plaintiff,

v.

UNITED STATES GOVERNMENT,
DR. BERKLEY,
H. SCHOUWEILER,
FEDERAL BUREAU OF PRISONS,
DUNN, and
FELLOWS

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the May 26, 2022 Recommendation of United States Magistrate Judge (Doc. # 99), wherein Judge Scott T. Varholak recommends this Court deny Plaintiff Peter George Noe's Motion for Preliminary Injunction and/or Protective Order (Doc. # 30). Mr. Noe timely filed an Objection to the Recommendation (Doc. # 100). For the following reasons, the Court affirms and adopts the Recommendations and denies Mr. Noe's Motion.

    I.    **BACKGROUND**

The factual background of this case is set out thoroughly in Judge Varholak's Recommendation, which the Court incorporates herein by reference. *See* 28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only the facts necessary to address Mr. Noe's Objection to the Recommendation.

Mr. Noe, who proceeds *pro se*, is currently incarcerated at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado. (Doc. # 94 at 2.) He alleges that in November 2019, his back tooth "broke in half" and he was taken to see Defendant ADX dentist Dr. Berkley. (*Id.* at ¶ 1.) Mr. Noe explained to Dr. Berkley that he was having issues with five of his teeth, including two other broken teeth and two teeth that "were causing substantial pain" when he ate or drank anything hot or cold and "caused pain for days every time he ate anything hard." (*Id.*) Mr. Noe alleges that Dr. Berkley examined all five teeth and told him that three of his teeth were not "medically appropriate for extraction" and that they needed crowns. (*Id.* at ¶¶ 3–4.) However, Dr. Berkley told Mr. Noe that he "was going to lose all three of the teeth that need crowns" because under Federal Bureau of Prisons ("BOP") policy, dentists were told not to request crowns because they cost too much money. (*Id.* at ¶ 8.) Dr. Berkley then filled one of Mr. Noe's broken teeth and told him that because ADX policy permitted only "one procedure, per inmate, per visit," Mr. Noe would have to wait and return for separate appointments to fix his other teeth. (*Id.* at ¶ 6.) Mr. Noe asked Dr. Berkley to fix all three broken teeth and do the needed crowns, but Dr. Berkley refused and Mr. Noe "was left suffering" for the next six months. (*Id.* at ¶¶ 9, 13.)

Mr. Noe had another dental appointment with Dr. Berkley on June 17, 2020. (*Id.* at ¶ 16.) Dr. Berkley told Mr. Noe that he was going to put a pin in Mr. Noe's tooth to hold the filling "instead of the required crown." (*Id.* at ¶ 17.) Although Mr. Noe requested

2

care for all three of his broken teeth, Dr. Berkley "refused and said that he was only authorized to fix the one tooth." (*Id.* at ¶ 18.) Mr. Noe alleges that the procedure Dr. Berkley tried "caused unbearable pain," broke the tooth, and caused the tooth to have to be removed. (*Id.* at ¶ 19.) Mr. Noe asserts that he did not receive dental care for the next five months and was not provided with pain medication. (*Id.* at ¶ 20.)

Over the next five months, Mr. Noe stopped Defendants Dunn and Fellows (both R.N.s) on several occasions to request emergency dental care, but he alleges they "never even bothered to put [the requests] in his file with the exception of one" from Fellows. (*Id.* at ¶ 23.) Mr. Noe next received a dental appointment on November 12, 2020. (*Id.* at ¶ 24.) He alleges that Dr. Berkley "again would only fix one of the two remaining broken teeth following the policy of one tooth per inmate per visit" and "still refused crowns" on two teeth "due to the no crowns policy." (*Id.* at ¶ 25.) Dr. Berkley filled one of Mr. Noe's teeth and did not provide him with pain medication. (*Id.* at ¶ 26.) Mr. Noe alleges that although he continued to send medical requests, his "last tooth" was not fixed until April 15, 2021. (*Id.* at ¶¶ 27, 31.) He asserts that he is still "in substantial pain with two teeth that need crowns." (*Id.* at ¶ 31.)

Mr. Noe initiated this action on May 26, 2021. (Doc. # 1.) In his Amended Complaint (Doc. # 94), filed on April 27, 2022, Mr. Noe asserts three claims for relief against the United States and medical providers at ADX relating to Mr. Noe's dental care. He alleges (1) an Eighth Amendment claim against Defendants Berkley, Schouweiler, Dunn, and Fellows in their individual capacities for delaying, denying, and interfering with Mr. Noe's dental care; (2) a negligence claim against Defendant United

3

States under the Federal Tort Claims Act ("FTCA") for Dr. Berkley delaying dental care and not providing Mr. Noe crowns; and (3) an Eighth Amendment deliberate indifference claim against Defendant BOP.

On November 29, 2021, Mr. Noe filed the instant Motion for Preliminary Injunction and/or Protective Order. (Doc. # 30). Therein, Mr. Noe asserts that if he does not receive crowns, he will lose three teeth. (*Id.* at 3–4.) Mr. Noe seeks an injunction to "stop the unofficial policy that inmates cannot receive crowns" and "force the defendants to provide crowns already prescribed as treatment on Plaintiff." (*Id.* at 7.) The Court referred the Motion to Judge Varholak, who issued his Recommendation on May 26, 2022, recommending that the Court deny Mr. Noe's Motion. (Doc. # 99). Mr. Noe timely filed an Objection (Doc. # 100), Defendants filed a Response to Mr. Noe's Objection (Doc. # 101), and Mr. Noe filed a Reply (Doc. # 108).

## II.    LEGAL STANDARDS

### A.    REVIEW OF A RECOMMENDATION

After a magistrate judge issues a recommendation on a motion seeking injunctive relief, 28 U.S.C. § 636(b)(1) requires that the district judge conduct a *de novo* review of any part of the recommendation to which a proper objection has been made. An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

4

**B.     CONSTRUCTION OF *PRO SE* PLEADINGS**

Because Mr. Noe proceeds *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**C.     PRELIMINARY INJUNCTION**

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *Shrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). A moving party seeking a preliminary injunction must show: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest. *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019).

"[C]ourts 'disfavor' some preliminary injunctions and so require more of the parties who request them." *Id.* Disfavored injunctions are those that: (1) mandate action (rather than prohibiting action); (2) change the status quo; or (3) grant all relief that the moving party could expect from a trial win. *Id.* "To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: [H]e must make a 'strong showing' that these tilt in h[is] favor." *Id.* (quoting *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016)).

### III.    DISCUSSION

Mr. Noe seeks an injunction to "stop the unofficial policy that inmates cannot receive crowns" and "force the defendants to provide crowns already prescribed as treatment" for him. (Doc. # 30 at 7.) In his Recommendation, Judge Varholak first observes that Mr. Noe seeks a disfavored injunction "because it mandates action, changes the status quo regarding [Mr. Noe's] dental care, and grants relief—the provision of a specific type of dental care—which [Mr. Noe] could expect from a trial." (Doc. # 99 at 6.) Judge Varholak recommends denying Mr. Noe's Motion on the grounds that Mr. Noe failed to demonstrate that he will suffer irreparable injury if his Motion is denied. (*Id.* at 6–9.) With respect to the other preliminary injunction factors, Judge Varholak found that Mr. Noe failed to establish that the balance of harms and public interest weigh in favor of an injunction. (*Id.* at 9–10.) In addition, Judge Varholak briefly addressed the merits and concluded that Mr. Noe did not make a strong showing of likelihood of success on the merits. (*Id.* at 11 n.6.)

In his Objection, Mr. Noe primarily argues that Judge Varholak misapprehended the facts of the case and overlooks that Mr. Noe continues to seek dental care for two other teeth, in addition to the three teeth for which he has received dental care. (Doc. # 100 at 2–3.) The Court disagrees with this characterization and notes that Judge Varholak accurately summarized Mr. Noe's dental issues with five total teeth. *See* (Doc.

# 99 at 2.)  Otherwise, Mr. Noe's Objection is largely a rehash of his allegations in his Amended Complaint and his arguments in his Motion.[1]

Although Mr. Noe's Objection lacks specificity, the Court has conducted a *de novo* review of this matter, including thoroughly reviewing all relevant briefing, the Recommendation, and Mr. Noe's Objection. Based on this *de novo* review, the Court concludes that Judge Varholak's Recommendation—that Mr. Noe's Motion for Preliminary Injunction should be denied because Mr. Noe failed to establish that he will suffer irreparable harm without an injunction—is correct and is not called into question by Mr. Noe's Objection.

It is well established that "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d. Cir. 1990)). Therefore, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.* (quoting *Reuters Ltd.*, 903 F.2d at 907). If the movant fails to meet his burden of establishing irreparable injury, courts "need not address the remaining preliminary injunction factors."

---

[1] Mr. Noe also reiterates his request that the Court hold a hearing "at a minimum" to address whether dentists are permitted to do crowns at ADX. (Doc. # 100 at 6.) The Court agrees with Judge Varholak that an evidentiary hearing is not necessary because resolution of this factual dispute, and others raised in the briefing, will not affect the Court's resolution of the Motion. *See Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane LLC*, 702 F. App'x 702, 705 (10th Cir. 2017) ("[N]either Fed. R. Civ. P. 65(a) nor this circuit's precedent require the district court to hold an evidentiary hearing or oral argument before deciding a motion for a preliminary injunction.").

*N.M. Dep't of Game & Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1249 (10th Cir. 2017).

The Court agrees with Judge Varholak that Mr. Noe failed to establish that he will suffer irreparable harm absent injunctive relief. Mr. Noe alleges that two teeth continue to cause him pain and that Dr. Berkley "told [Mr. Noe] that those two teeth need crowns but under F.B.O.P. policy, he could not do crowns because they are too expensive." (Doc. # 94 at 24.) Mr. Noe further contends that if he does not receive crowns, the dentist told him that he will lose his teeth. (Doc. # 30 at 3.) However, Mr. Noe provides no additional information, medical records, or any evidence to support his conclusory allegations that he needs crowns or that he is in danger of losing his teeth. *See Walker v. Meyer*, No. 08-cv-01911-REB-KLM, 2009 WL 1965493, at *5 (D. Colo. July 8, 2009) ("Plaintiff has not presented any evidence, other than his own personal opinion and conclusory testimony, that he is in danger of irreparable harm if dentures are not provided to him."). Further, Mr. Noe has not shown that "the injury complained of is of such **imminence** that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); *see also Bradley v. U.S. Federal Bureau of Prisons*, No. 14-cv-00013-MSK-MJW, 2014 WL 2536529, at *2 (D. Colo. June 5, 2014) (denying prisoner's request for injunctive relief relating to dental care because prisoner failed to establish that a gum infection was "of such imminence" to require action to prevent irreparable harm).

Moreover, Mr. Noe does not allege that he is being entirely denied dental care. On the contrary, Mr. Noe alleges that he has received care on several occasions for his

8

teeth and that the "last" of his three broken teeth was "fixed" on April 1, 2021. (Doc. # 94 at 28.) The Court also observes that Defendants have provided evidence demonstrating that ADX policy permits inmates to receive crowns (Doc. # 51-1 at 3). In addition, Defendants submitted an affidavit from ADX's Chief Dental Officer, Dr. N. Roberts, wherein Dr. Roberts states that "crowns are not medically necessary for any of [Mr. Noe's] teeth" and that he "do[es] not believe that extraction of any of Plaintiff's teeth is medically necessary at this time." (*Id.* at 4.)

For these reasons, and after carefully reviewing Mr. Noe's Motion and pleadings, the Court finds that Mr. Noe has failed to adequately show that he will suffer irreparable harm or that any such harm is imminent. Accordingly, because Mr. Noe failed to meet his burden of establishing irreparable injury, injunctive relief is not warranted and the Court "need not address the remaining preliminary injunction factors." *N.M. Dep't of Game & Fish*, 854 F.3d at 1249.

Nevertheless, the Court briefly notes that Mr. Noe also has not made a "strong showing" that the balance of the harms weighs in favor of an injunction, nor has he demonstrated that the public interest weighs in favor injunctive relief. Because Mr. Noe has not established that he needs crowns, the Court cannot find that his interest in receiving crowns outweighs BOP's interest in providing dental care to each inmate according to its own policy. *See Walker*, 2009 WL 1965493, at *5 ("[T]he Court's interference with [a detention center's] medical decisions regarding [an inmate] would significantly undermine [the center's] discretion and autonomy."). Further, Mr. Noe has not addressed how his preference for crowns could be carried out with minimal impact

on Defendants. *See id.* (observing that plaintiff "appears to assume that dentures can be easily provided to him at minimal expense and burden" and failed to address "the expense and burden on the facility were it expected to provide dentures to any inmate who requested them"). Finally, the Court notes that "it is generally understood that federal courts should not immerse themselves in the management of prisons." *Stine v. Allred*, No. 11-cv-00109-WMJ-CBS, 2011 WL 3793771, at *15 (D. Colo. Aug. 25, 2011). Here, Mr. Noe "would have the court effectively micro-manage the provision of dental care at ADX and intrude in an area that is better left to the expertise of BOP officials and medically-trained professionals." *Id.* Injunctive relief of this nature would be adverse to the public interest in courts refraining from interfering in the management of prisons. Thus, the Court overrules Mr. Noe's Objection and affirms the Recommendation.

## IV.    CONCLUSION

For the reasons set forth above, it is ORDERED that Mr. Noe's Objection (Doc. # 100) is OVERRULED and Judge Varholak's May 26, 2022 Recommendation (Doc. # 99) is AFFIRMED and ADOPTED as an order of this Court.

Accordingly, it is ORDERED that Mr. Noe's Motion for Preliminary Injunction and/or Protective Order (Doc. # 30) is DENIED.

DATED:  July 12, 2022

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge