IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01589-CNS-STV

PETER GEORGE NOE,

    Plaintiff,

v.

UNITED STATES,
BURKLEY, Dr., individually,
H. SCHOUWEILER, individually,
DUNN, R.N., individually
FELLOWS, R.N., individually, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff's Rule 72 Objections to Magistrate Judge Scott T. Varholak's July 29, 2022 Order denying Plaintiff's Motion to Stay the Certificate of Review Requirement. (ECF No. 102; ECF No. 117; ECF No. 123).

## I. BACKGROUND

This case arises from a medical malpractice claim by Plaintiff, pro se, alleging inadequate dental care. Plaintiff is an inmate in the custody of the Bureau of Prisons (BOP) at the Administrative Maximum facility in Florence, Colorado (ADX). (ECF No. 94, pp. 6-19). On June 21, 2022, Plaintiff sought to stay the certificate of review requirement under Colorado Revised Statute § 13-20-602 after the Court had already granted two extensions to the original sixty-day

1

deadline. (ECF No. 38; ECF No. 59; ECF No. 81; ECF No. 86; ECF No. 102). Magistrate Judge Varholak denied the motion to stay, granted Plaintiff an additional fifty-nine days to submit the certificate of review, and stated that the Court would not grant any further extensions. (ECF. No. 110; ECF No. 117). Plaintiff timely filed his objections to the Magistrate Judge's Order, which Defendants oppose. (ECF No. 123; ECF No. 130).

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). This Court is "required to 'defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law.'" *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotations and citation omitted).

The Court is aware of Plaintiff's pro se status and, accordingly, reads his pleadings and filings liberally. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A pro se plaintiff must comply with the rules and procedures governing counsel and the requirements of the substantive law; therefore, the Court will hold Plaintiff to the same standard. *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1278–79 (D. Colo. 2009).

### III.  ANALYSIS

Defendant objects to Magistrate Judge Varholak's Order on three grounds.  First, he contends that although he has received paper copies of the X-rays which prompted the motion to stay, they are "useless" because he needs the X-rays that show the procedure he is challenging. (ECF No. 123, p. 2).  Second, he argues that ADX's mail policy prohibits third-party communications and prevents him from contacting a medical professional.  (*Id.*, pp. 2-3).  Finally, Plaintiff argues that, even if he had all the required documents and a medical professional to sign the certification, he would be unable to comply with the latest deadline due to the facilities' restrictions regarding phone calls and a three-week delay for mail.

Section 13-20-602(1)(a) requires a pro se plaintiff to file a certificate of review when raising a claim of professional negligence.  Plaintiff needs to obtain a certificate of review that shows (1) he consulted an expert; (2) the expert reviewed the relevant information and concluded that the plaintiff's negligence claim does not lack substantial justification; and (3) the expert is competent and qualified to offer an opinion.  *RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 675 (Colo. App. 2006).  The purpose of the certificate of review requirement is "to prevent the filing of frivolous professional malpractice actions, to avoid unnecessary time and costs in defending professional negligence claims, and to reduce the resulting costs to society."  *Williams v. Boyle*, 72 P.3d 392, 396 (Colo. App. 2003).  The certificate of review must be filed within sixty days after the service of the complaint, counterclaim, or crossclaim unless the court finds good cause to extend the time to file.  Colo. Rev. Stat. Ann. § 13-20-602(1)(a).  Plaintiff filed his initial Complaint on May 26, 2021, and two Amended Complaints on September 15, 2021, and April 27,

2022. (ECF No. 1; ECF No. 14; ECF No. 94). Magistrate Judge Varholak's Order denying Plaintiff's motion to stay was not clearly erroneous for three reasons.

First, granting the motion to stay would run contrary to the purposes of Section 13-20-602, which aims to avoid spending unnecessary time and costs in defending against actions by pro se plaintiffs that may lack merit. Staying the procedures in this case indefinitely would prejudice Defendants and cause them to spend unnecessary time and expense defending against this action when Plaintiff has had ample time to obtain the required certificate of review since filing the Complaint in May 2021. (ECF No. 1). Second, Plaintiff's motion was based on his stated need to receive copies of certain dental X-rays, which Defendants argue he has received. (ECF No. 102, p. 2; ECF No. 123, p. 2). Now Plaintiff argues that he needs the X-ray film rather than a paper copy; however, he does not explain why the film is necessary rather than a printout. (ECF No. 134, pp. 1-2). Third, the Court has granted Plaintiff multiple extensions to submit the certificate of review and can, in its discretion, deny any further requests absent good cause. (*See* ECF No. 59; ECF No. 86; ECF No. 117). Given that the prior motions for extensions were based on the same communication restrictions, the Court perceives no error in Magistrate Judge Varholak's decision to deny any further extensions due to the same alleged issue.

Plaintiff now argues, for the first time, that ADX's third-party communications policy prevents him from contacting a medical professional to review his medical records and that, even if he could establish such contact, the ADX's alleged three-week timeframe for mail delivery would prevent him from complying with the final deadline. (ECF No. 123, pp. 2-3; ECF No. 134, pp. 2-3). Plaintiff also argues that the Court should appoint a medical expert at his expense. (ECF No. 134, p. 5). The Court will not consider new arguments raised in objections that were not

considered by the magistrate judge. *See, e.g.*, *Colorado v. Kindred Healthcare, Inc.,* No. 15-CV-02759, 2021 WL 1085423, at *11 (D. Colo. Mar. 22, 2021) (citing *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014). Even if the Court did consider this, the Court finds that Plaintiff has had sufficient time to obtain a certificate of review.

## IV.  CONCLUSION

The Court concurs with and does not find any clear error in Magistrate Judge Varholak's Order. Therefore, the Defendant's Rule 72 Objections (ECF No. 123) are OVERRULED.

DATED this 20th day of September 2022

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge