IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01589-CNS-STV

PETER GEORGE NOE,

    Plaintiff,

v.

UNITED STATES GOVERNMENT,
BERKLEY, Dr.,
H. SCHOUWEILER,
FEDERAL BUREAU OF PRISONS,
DUNN, R.N., and
FELLOWS, R.N.,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Objections to Magistrate Judge Varholak's Order denying Plaintiff's Motion Requesting the Court Appoint an Expert Under Federal Rule of Evidence 706(a). (ECF Nos. 124, 137, 145). As set forth below, the Court OVERRULES Plaintiff's objections.

### I. BACKGROUND

The Court has already summarized the pertinent facts in its prior Order and will only elaborate as necessary in the analysis. (*See* ECF No. 136). Regarding the instant objections, Plaintiff moves the Court to appoint an expert under Rule 706(a) to issue a certificate of review per Colorado Revised Statute § 13-20-602 and that the deadline to provide a certificate of review

1

be stayed until said expert is appointed. (ECF No. 124). On February 2, 2022, the Court determined that Plaintiff's case had potential merit and that Plaintiff has sufficiently demonstrated the difficulty of obtaining the certificate of review while he is incarcerated and appointed pro bono counsel. (ECF No. 59). On September 21, 2022, Plaintiff alleged during the hearing, however, that no pro bono counsel had undertaken representation in the case. The Court previously granted two extensions of time to file the certificate of review and then denied the last motion to stay, ordering Plaintiff to submit the certificate of review by September 26, 2022. (ECF No. 117). The Court overruled Plaintiff's objections on September 20, 2022.[1] (ECF No. 136).

## II. STANDARD OF REVIEW

A motion concerning the appointment of an expert is non-dispositive. A magistrate judge's order on such a motion will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Under the clearly erroneous standard, the magistrate judge's order will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III. ANALYSIS

The Court has reviewed the motion, the recordings from the hearing, and the relevant legal authority and finds that Magistrate Judge Varholak's Order is not clearly erroneous. Plaintiff alleges that he cannot contact experts due to the Bureau of Prison's (BOP) mail policy at the Administrative Maximum facility in Florence, Colorado. Plaintiff moved for an expert to be

---

[1] The Court inadvertently stated in this Order that objections were filed by Defendants. The Court corrects this error as it was overruling Plaintiff's objections to Magistrate Judge Varholak's July 29, 2022, Order. (ECF Nos. 117, 123, 136, pp. 3, 5).

appointed by the Court in order to conduct the certificate of review so that Plaintiff's case can proceed. (ECF No. 124).

As this Court has previously noted, Plaintiff has been given multiple extensions of time to contact an expert and have the certificate of review furnished. Plaintiff now alleges that he cannot comply with section 13-20-602 because he cannot contact third parties to issue the certificate as the BOP mail policy prevents him from communicating with unapproved persons who are not on his contact list. (ECF No. 145, p. 2). However, Plaintiff has previously furnished exhibits showing that he contacted various law firms in 2022 and corresponded with them. (*See* ECF No. 123, pp. 10-13). Lt. A. Gonzales, a Special Investigative Services Lieutenant with the BOP, has also confirmed that Plaintiff can communicate directly with members of the public, medical professionals, or any other potential experts. (ECF No. 130-1).

Regardless, the relief that Plaintiff seeks is not available under Rule 706. Under Rule 706(a), "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations." There is no "explicit guidance" regarding when to appoint an expert and such a decision rests within the sound discretion of the district court. *Martinez v. Colorado Dep't of Corr.*, No. 19-CV-01245-PAB-NYW, 2019 WL 5863899, at *3 (D. Colo. Nov. 8, 2019) (citations omitted). The purpose of the rule, however, is to assist the court rather than the parties. *McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *4 (10th Cir. Sept. 30, 2021). Plaintiff's only reason for seeking an appointment of an expert under Rule 706 is due to the alleged BOP policy preventing him from contacting experts. Plaintiff is not claiming that there are any financial reasons or that his case is so extraordinary or technical that it would justify appointing an expert and requiring opposing counsel to pay. *See*

3

*Tuttamore v. Allred*, No. 11-CV-01522-MSK-KMT, 2013 WL 248163, at *1 (D. Colo. Jan. 23, 2013).  As noted above, the BOP policy does not restrict Plaintiff from communicating with third parties and, therefore, there is no good cause for the Court to appoint an expert for Plaintiff to provide a certificate of review.  Magistrate Judge Varholak also noted in the hearing that Plaintiff could also obtain the certificate of review by contacting family and friends on his approved contact list and having them solicit medical experts for the certificate of review.  Either way, the Court does not find that the policy prohibits Plaintiff from contacting third parties and does not find that Magistrate Judge Varholak's Order was clearly erroneous.

## IV.  CONCLUSION

Because the Court does not find any clear error in Magistrate Judge Varholak's Order, Plaintiff's Objections are OVERRULED.  (ECF No. 145).

DATED this 31st day of October 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge