IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01589-CNS-STV

PETER GEORGE NOE,

      Plaintiff,

v.

UNITED STATES GOVERNMENT,
BERKLEY, Dr.,
H. SCHOUWEILER,
FEDERAL BUREAU OF PRISONS,
DUNN, R.N., and
FELLOWS, R.N.,

      Defendants.

---

# ORDER

---

This matter comes before the Court on Plaintiff's Objection to Magistrate Judge Varholak's Report and Recommendation to (1) grant Defendants' Partial Motion to Dismiss and Defendant United States' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b), and (2) deny Plaintiff's Motion for an Emergency Order. (ECF Nos. 114, 144, 160, 162). As set forth below, the Court OVERRULES Plaintiff's objections and AFFIRMS and ADOPTS the Recommendation.

## I. BACKGROUND

This case arises from a medical malpractice claim by Plaintiff, pro se, alleging inadequate dental care while incarcerated at USP Florence ADMAX (ADX), which is a Bureau of Prisons

(BOP) facility.[1]  (ECF No. 94, pp. 6-19).  In his Amended Complaint, Plaintiff raises three claims for relief:  (1) violation of his Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) by (a) Dr. Burkley, dentist; (b) Schouweiler, a dental assistant; (c) Dunn, a registered nurse; and (d) Fellows, a registered nurse; (2) medical negligence against the United States under the Federal Tort Claims Act (FTCA) for Defendant Burkley's refusal to provide dental crowns, and (3) violation of the Eighth Amendment against the BOP and seeking injunctive relief for enforcing the policy to deny inmates dental crowns.  (*Id.*, pp. 3-5).

Plaintiff specifically alleges that starting in November 2019, he received inadequate dental care for five teeth:  Teeth 1 and 2 were "all filling from previous dental work" but, per Defendant Burkley, were "not medically appropriate for extraction" and needed crowns; Tooth 3 was "broken in half" and caused substantial pain but was not considered medically appropriate for extraction and needed a crown; Teeth 4 and 5 caused discomfort but could be repaired with fillings.  (ECF No. 94, pp. 6-7).  Allegedly, Defendant Burkley informed Plaintiff that he would lose the three teeth that needed crowns because ADX had an informal policy that dentists were not allowed to provide crowns due to the related cost.  (*Id.*, p. 9).  Defendant Burkley also allegedly informed Plaintiff at the initial appointment that there was a "one procedure, per inmate, per visit policy" and that Plaintiff would have to have the other four teeth repaired at separate appointments after Defendant Burkley repaired Tooth 3 in the first appointment.  (*Id*, p. 8).

---

[1] Considering Plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).  However, while the Court must construe a *pro se* litigant's pleadings liberally, Plaintiff's *pro se* status does not excuse his obligation to comply with fundamental procedural requirements.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Unfortunately, despite filling Tooth 3, it had to be extracted; Plaintiff alleges that it could have been saved with a simple crown if not for the BOP's practice of not permitting crowns for incarcerated persons.  (*Id*, p. 11).  Due to numerous factors, not including the COVID-19 pandemic, Plaintiff was placed on a waitlist for approximately a year and had to make numerous requests to be seen by Dental.  On August 27, 2020, Plaintiff had x-rays taken of Teeth 4 and 5.  (*Id.*, p. 26).  On November 12, 2020, Defendant Burkely placed a filling in Tooth 4; Plaintiff's request for same-appointment treatment for his other teeth was refused.  (*Id.*, p. 13).  On April 1, 2021, Plaintiff received treatment for Tooth 5.  (*Id.*, pp. 15, 28).

On December 14, 2022, Magistrate Judge Varholak recommended granting Defendants' motions to dismiss, finding that Plaintiff's claim (1) against Defendant Fellows should be dismissed without prejudice because Defendant Fellows has absolute immunity as a Public Health Service officer and, therefore, the Court lacks subject matter jurisdiction over the claim; (2) against Defendants Burkley, Schouweiler, and Dunn be dismissed with prejudice because, under *Egbert v. Boule*, 142 S. Ct. 1793 (2022), a *Bivens* remedy is not available as there is an alternative remedial scheme in place within the BOP; (3) of an Eighth Amendment violation and request for injunctive relief against the BOP be dismissed without prejudice due to failure to allege a constitutional violation or risk of future harm; and (4) claim against the United States under the FTCA be dismissed without prejudice for failure to file a certificate of review.  (ECF No. 162, pp. 8-29). The Magistrate Judge also recommended denying Plaintiff's emergency motion for dental care, construing it as a motion for a preliminary injunction, and finding that it failed to meet any of the preliminary injunction factors.  (*Id*., pp. 29-30).

3

Plaintiff timely filed his Objection, arguing that (1) the Magistrate Judge erred in applying *Egbert* and has a valid *Bivens* claim, (2) he has stated a claim for injunctive relief for an Eighth Amendment violation; and (3) the Magistrate Judge erred in dismissing his FTCA claim for failure to file a certificate of review.  (ECF No. 163, pp. 1-13).

## II.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id*. at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

Rule 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction and assumes two forms: factual or facial.  In the first, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction."  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When reviewing a facial attack, courts must accept a complaint's allegations in the complaint as true.  *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) (citation omitted).  In the second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests."  *Nudell*, 363 F.3d at 1074 (citation omitted).  When

reviewing a factual attack, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *Ratheal*, 2021 WL 3619902, at *3. In this instance, the plaintiff bears the burden of establishing subject matter jurisdiction as the party asserting it exists. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

#### A.  Objections Not Raised and Conceded Claims

Plaintiff does not contest that Defendant Fellows has absolute immunity as a PHS officer under 42 U.S.C. § 233(a), and that the *Bivens* claim against her should be dismissed for lack of subject matter jurisdiction.  (ECF No. 162, pp. 8-10); *see Hui v. Castaneda*, 559 U.S. 799, 808 (2010) ("[T]he text of § 233(a) plainly indicates that it precludes a Bivens action against petitioners for the harm alleged in this case.").  Plaintiff also does not contest the denial of his motion for an emergency order.  (ECF No. 160).  A party's failure to file such written objections may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  When this occurs, the Court is "accorded considerable discretion" and "may review a magistrate's report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).  After reviewing all the relevant pleadings, the Court concludes that Magistrate Judge Varholak's analysis was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error.

#### B.  *Bivens* Claims

Plaintiff objects to the dismissal of his *Bivens* claims against the individual Defendants, arguing that the Magistrate Judge erred in applying *Egbert* to find that he cannot bring a *Bivens* claim against BOP officials.  (ECF No. 163, pp. 1-3).  Plaintiff argues that *Egbert* does not overrule *Bivens* and *Egbert* only applies if the case or claim creates a new *Bivens* context.  (*Id.*).  Prior to *Egbert*, the court's analysis of an alleged *Bivens* claim proceeded in two steps.  First, the court examined whether the case presented a new Bivens context or involves a new category of

defendants (i.e., is it meaningfully different from the three cases where the Court has implied a damages action: a Fourth Amendment claim against law enforcement, a Fifth Amendment due-process employment-discrimination claim, and an Eighth Amendment claim involving medical care in prison.).  *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). Second, if the claim presented a new context, the court examined whether there were any alternative remedial structures present or other special factors that counseled hesitation about granting the extension of the claim.  *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal quotations and citations omitted).

In 2022, however, the Supreme Court determined that the analysis could be boiled down to one issue: "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803.  The Court must only examine "whether it, rather than the political branches, is better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy."  *Id.* at 1804 (internal quotations and citation omitted).  The Tenth Circuit subsequently clarified that "courts may dispose of *Bivens* claims for two independent reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs." *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (internal quotations omitted).

Plaintiff argues that his claims should not be dismissed because they are similar to *Carlson*. Unfortunately, that is not the case.  Plaintiff's claims present a new *Bivens* context and are factually distinct from *Carlson*—a case pertaining to an incarcerated person's wrongful death due to prison

officials failing to give proper medical attention.  *Carlson*, 446 U.S. at 17.  Applying *Egbert* to the instant case, Plaintiff's claims of Eighth Amendment violations arise in the federal prison context and he is asserting claims against BOP officials.  The BOP Administrative Remedy Program is a regulatory creation of the BOP.  *See* 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.").  As the Magistrate Judge noted, the BOP Administrative Remedy Program qualifies as an adequate alternative remedy and his *Bivens* claims must be dismissed.  *See Silva*, 45 F.4th at 1141 (affirming the district court's dismissal of the plaintiff's claims of excessive force against BOP officials).  Since *Egbert*, a *Bivens* action is not just a "disfavored judicial activity" but "is impermissible in virtually all circumstances." *Id.* at 1140.  Therefore, the Court must dismiss with prejudice Plaintiff's *Bivens* claims against Defendants Burkley, Schouweiler, and Dunn.

### C.  Eighth Amendment Injunctive Relief

Plaintiff argues that his Amended Complaint states a claim for injunctive relief.  In Plaintiff's Amended Complaint, he alleged that the BOP was "enforcing a policy that is deliberately indifferent to serious medical needs" by instructing "all of the dentists that they are never to do crowns even when extraction is not 'medically appropriate' to solve the issue." (ECF No. 94, p. 19).

In order to establish an Eighth Amendment violation, Plaintiff must show:  (1) a prison official's act or omission resulted in a deprivation that is objectively sufficiently serious; and (2) the prison official must have a sufficiently culpable state of mind, which amounts to one of deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

(internal quotations and citations omitted).  A medical need is considered sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

To prevail on a motion for a preliminary injunction, the movant must prove: (1) a substantial likelihood of prevailing on the merits; (2) irreparable injury unless the injunction is issued; (3) that the threatened injury (without the injunction) outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction will not adversely affect the public interest. *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (internal quotations and citation omitted). "An injunction can issue only if each factor is established." *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022) (citation omitted).  The final two requirements (harm to the opposing party and the public interest) merge when the Government is the opposing party.  *Id*. at 1278 (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).  The Tenth Circuit's definition of "probability of success" is liberal, especially where "the moving party has established that the three 'harm' factors tip decidedly in its favor." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

The Magistrate Judge noted that Plaintiff failed to allege that the application of the BOP's "no crowns" policy resulted in the violation of his Eighth Amendment rights, or that the BOP would do so in the future; therefore, injunctive relief was not appropriate.  (ECF No. 162, p. 25). In particular, the Magistrate Judge determined that Plaintiff had not alleged an extreme case where the only dental care offered was extraction and did not allege that he was in a situation where there could be a potential deliberate indifference claim (i.e., that Plaintiff was (1) an incarcerated person

who had dental problems that caused substantial pain, (2) the doctor determined that medical extraction was not appropriate and refused to extract the tooth/teeth, (3) routine dental procedures or fillings were not medically appropriate, (4) the recommended course of action was to place a crown on the tooth, and (5) a prison policy prohibited such a procedure or the doctor refused to place a crown on the tooth).  (*See* ECF No. 162, p. 25 n.17).  It was clear from the Amended Complaint that Tooth 3 was filled but then later extracted.  The Amended Complaint is essentially silent as to the treatment of Teeth 1 and 2 (teeth that Plaintiff alleges need crowns), and teeth 4 and 5 only had tooth sensitivity to hot and cold food and beverage that could be repaired with fillings.  The Magistrate Judge, therefore, recommended dismissal without prejudice with leave to amend the claims (with a focus on Teeth 1 and 2 and whether Plaintiff was denied a crown for a tooth where it was medically inappropriate to extract and where a crown was the appropriate course of treatment).  (*Id*.).  Accordingly, the Court finds that Plaintiff fails to state a claim for injunctive relief based on a "no crowns" policy, and Plaintiff's claims for injunctive relief against the BOP are dismissed without prejudice.

Plaintiff now clarifies that his argument is that he was denied crowns for his teeth, that they have been diagnosed as warranting a crown, that his teeth are not medically appropriate for extraction, and that due to this alleged BOP policy he is being denied dental care that rises to the level of deliberate indifference.  (ECF No. 163, pp. 3-4).  Should Plaintiff wish the Court to consider this argument, he is hereby given fourteen (14) days to file an Amended Complaint to attempt to assert such a claim.

### D.  FTCA Claim

Plaintiff argues that the Magistrate Judge erred in dismissing his FTCA claim against the United States due to his failure to procure a certificate of review.  As this Court has previously noted, Plaintiff was given multiple extensions of time to contact an expert and have the certificate of review furnished.  (*See* ECF Nos. 136, 154).

The substantive law of the state in which the alleged tort occurred applies to Plaintiff's FTCA claim.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1116 (10th Cir. 2004). Colorado's certificate statute, Colorado Revised Statute § 13-20-602(1)(a), requires a *pro se* plaintiff to file a certificate of review when raising a claim of professional negligence.  *Coleman v. United States*, 803 F. App'x 209, 211 (10th Cir. 2020).  A certificate of review is necessary "for any claim based on allegations of professional negligence that requires expert testimony to establish a prima facie case."  *Martinez v. Badis*, 842 P.2d 245, 250 (Colo. 1992).  The Magistrate Judge determined that a certificate of review was necessary as the FTCA claim revolved around Defendant Burkley's refusal to provide crowns for Teeth 1, 2, and 3.  (ECF No. 162, p. 27).  This Court finds that expert testimony would be necessary to establish a prima facie case of an FTCA violation and therefore Plaintiff needed to obtain a certificate of review.

Specifically, Plaintiff needed to obtain a certificate of review that shows (1) he consulted an expert; (2) the expert reviewed the relevant information and concluded that the plaintiff's negligence claim does not lack substantial justification; and (3) the expert is competent and qualified to offer an opinion.  *RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 675 (Colo. App. 2006). The purpose of the certificate of review requirement is "to prevent the filing of frivolous professional malpractice actions, to avoid unnecessary time and costs in defending professional

negligence claims, and to reduce the resulting costs to society." *Williams v. Boyle*, 72 P.3d 392, 396 (Colo. App. 2003).  The certificate of review needed to be filed within sixty days after the service of the complaint, counterclaim, or crossclaim unless the court found good cause to extend the time to file.  Colo. Rev. Stat. Ann. § 13-20-602(1)(a).  Plaintiff filed his initial Complaint on May 26, 2021, and two Amended Complaints on September 15, 2021, and April 27, 2022.  (ECF Nos. 1, 14, 94).  Despite being given three extensions, Plaintiff did not file a certificate of review by the last deadline of September 26, 2022.  (*See* ECF No. 117).

Plaintiff objects, arguing that the BOP's mail policy prevented him from obtaining a certificate of review because he could not contact third parties and that the BOP failed to give him the documents he needed to conduct the certificate of review.  This Court previously addressed this argument in its prior Order.  (ECF No. 154).  This Court found that Plaintiff has previously furnished exhibits showing that he contacted various law firms in 2022 and corresponded with them and Lt. A. Gonzales, a Special Investigative Services Lieutenant with the BOP, has also confirmed that Plaintiff can communicate directly with members of the public, medical professionals, or any other potential experts.  (*See* ECF Nos. 123, pp. 10-13; 130-1).  Plaintiff has had sufficient time to obtain a certificate of review and dismissal without prejudice of his claim against the United States for failure to file a certificate of review is proper.  *Coleman*, 803 F. App'x at 213.

## IV.  CONCLUSION

Accordingly, Plaintiff's Objection is OVERRULED, and Magistrate Judge Varholak's Report and Recommendation is AFFIRMED and ADOPTED as an Order of this Court.

Defendants' motions to dismiss are GRANTED.  (ECF No. 114, 144).  Plaintiff's motion for an emergency order is DENIED.  (ECF No. 160).

IT IS FURTHER ORDERED that Plaintiff may, if he chooses to do so, file a Second Amended Complaint limited to claims for injunctive relief against the BOP within fourteen (14) days.

DATED this day 13th of January 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge